UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL ANGELO BURNETT,

    Plaintiff,      Case No. 2:09-cv-180

v.              Honorable R. Allan Edgar

PATRICIA L. CARUSO et al.,

    Defendants.

_____/

## OPINION

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because it is frivolous.

**Discussion**

I.      Factual allegations

Plaintiff currently is incarcerated at Marquette Branch Prison.  In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and unknown Corrections Officers "Jane Doe" and "John Doe."  (Compl. at 3, docket #1.)  Plaintiff alleges, verbatim, that:

> On August 13, 14, 15 and 16, 2009, I was exposed to radiation.  The radiation was heavily contaminated with feces and bodily waste and unidentifiable chemicals.  In which I was forced to inject, inhale, and absorb through my skin.
>
> Officers Jane and John Doe used the Security And Safety Systems to contaminate me.  And endangered my health while operating an atomspheric radiological dispersal device (RDD).

(*Id*. at 2-3.)  Plaintiff alleges that he contracted the heart disease endocarditis after he "was contaminated in 2005," that the "contamination" aggravates his condition, and that he is "not receiving [the] required medical care for [his] heart disease."  (*Id*. at 3.)  He has also filed two other lawsuits regarding his condition.  One suit alleging that he has not received the necessary medical treatment for his heart condition is currently pending.  *See Burnett v. Howard et al.*, Case No. 2:09-cv-37 (W.D. Mich.)

Plaintiff further alleges that Defendant Caruso has "ordered prison staff to harm [him]."  (Compl. at 3.)  For relief, Plaintiff requests compensatory and punitive damages and an order directing the MDOC "to disengage [Plaintiff] from the Security [a]nd Safety Systems apparatus now."  (*Id*. at 4.)

Plaintiff has also filed two motions for temporary restraining orders (TRO) requesting that the MDOC "discontinue the operation of the Atmospheric Radiological dispersal device (RDD) systems." (Mot. at 1, docket #3; Mot. at 1, docket #6.)

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir.1990). An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

Plaintiff's allegations lack a rational basis in fact. Although a single allegation of Plaintiff's complaint may not "strain credulity" sufficiently to be considered frivolous, *see Lawler*,

898 F.2d at 1198, the complaint as a whole plainly is irrational. Plaintiff believes that two unnamed corrections officers have been using the security systems at the prison to "contaminate" him with radiation "heavily contaminated feces and bodily waste and unidentifiable chemicals." (Compl. at 2-3.) Such a belief unquestionably is delusional. *Neitzke*, 490 U.S. at 327-28. Accordingly, the Court will dismiss Plaintiff's action because it is frivolous. *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

III.   Motions

Plaintiff has filed two motions for a temporary restraining order. (Docket ## 3, 6.) Because the Court has found his complaint to be frivolous and will dismiss his complaint, Plaintiff's motions will be dismissed as moot.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.


Dated:      10/8/09                              /s/ R. Allan Edgar
                                              R. Allan Edgar
                                              United States District Judge